FILED
2007 JAN 29 AM 11: 02
PUTNAM CO. CIRCUIT COURT
COOKEVILLE, TN

COPY

IN THE CIRCUIT COURT FOR PUTNAM COUNTY, TENNESSEE

MARY HICKEY, individually and as next friend for JIM HICKEY, an incompetent person under disability,
    Plaintiffs,

v.

MET LIFE AUTO & HOME,
    Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 07J0027
JURY DEMAND

## COMPLAINT

### Description of the parties, jurisdiction and venue

1. Plaintiff Mary Hickey is a resident of Putnam County, Tennessee, and has been at all times relevant to this Complaint. She is the wife and caretaker for Plaintiff Jim Hickey.

2. Plaintiff Jim Hickey is a resident of Putnam County, Tennessee, and has been at all times relevant to this Complaint. He is the husband of Plaintiff Mary Hickey. Mr. Hickey suffers from dementia related to Alzheimer's disease and is currently under the care of his wife, Plaintiff Mary Hickey.

3. Defendant Met Life Auto & Home is an insurance company authorized to do business in the State of Tennessee. It may be served through the offices of the Commissioner of the Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville TN 37243.

4. Jurisdiction is proper in this Court pursuant to T.C.A. § 16-10-101 *et seq.*

5. Venue is proper in this Court pursuant to T.C.A. § 20-4-101 *et seq.*

6. Plaintiff demands a trial by jury.

EXHIBIT
A

## Statement of Facts

7. Mr. and Mrs. Hickey are senior citizens who have lived in Putnam County all of their lives.

8. Until the fire that is the subject of this Complaint, they lived in their home located at 7640 Old Mill Road, Baxter Tennessee 38544.

9. Mr. and Mrs. Hickey's home was insured under a homeowner's insurance policy issued by Defendant Met Life Auto & Home, Policy No. 4135624830, for a term beginning February 2, 2005, and continuing until February 2, 2006 (hereafter referred to as the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit 1** and is incorporated as if fully set forth herein.

10. The Policy insured the Plaintiffs' real estate and dwelling against risks, including fire.

11. The plaintiffs, at the time of the making of the policy and up to the time of the loss and damage to their dwelling, were the owners of 7640 Old Mill Road, Baxter TN 38544.

12. While the policy was in full force and effect, on or about December 4, 2005, the Plaintiffs' home was damaged as a result of fire.

13. On or before the date of the fire, and since that time, Plaintiff Jim Hickey has suffered from a legal disability. At the time of the fire, Mr. Hickey had suffered from dementia for several months before the fire, lacked the mental capacity to have knowledge of what his actions might lead to and, from a medical standpoint, Mr. Hickey was not responsible for his actions. See Affidavit of Brij Rana, M.D., attached hereto as

**Exhibit 2** and incorporated as if fully set forth herein. Thus suit is timely filed pursuant to T.C.A. § 28-1-106 and as otherwise provided by Tennessee law.

14. Thereafter, on or about December 5, 2005, notice of the loss and damage was properly given by the Plaintiffs to the Defendant.

15. In the coming months, Plaintiffs rendered statements of loss, all in accordance with the terms of the aforesaid policy.

16. The Policy provided for a 60-day settlement loss period to pay the claim. See Exhibit 1, PROPERTY CONDITIONS – SECTION I, ¶ 3, which states in relevant part "We will pay within 60 days of when the amount of loss is agreed upon." Thus, suit is timely filed within the holdings of Certain Underwriters at Lloyd's of London v. Transcarriers, Inc., 107 S.W.2d 496, 502 (Tenn.Ct.App. 2002) and Brick Church Transmission, Inc. v. S. Pilot Ins. Co., 140 S.W.2d 324, 329 (Tenn.Ct.App. 2004) (Cain, J.).

17. On May 17, 2006, Plaintiff Mary Hickey submitted to a sworn examination where counsel for the Defendant interrogated her under oath about the Plaintiffs' claims and losses.

18. In addition to complying with all terms of the Policy, counsel for Mary Hickey made a formal demand to the Defendant for payment under the terms of the policy or September 25, 2006. A copy of the formal demand is attached hereto as **Exhibit 3** and is incorporated as if fully set forth herein.

19. Plaintiffs have complied fully with all of the applicable provisions of the Policy, yet Defendant has refused to pay the Plaintiffs for the loss and damage to their home and contents.

## COUNT ONE – BREACH OF CONTRACT

20. All other statements set forth in this Complaint are incorporated as if fully set forth herein.

21. The Plaintiffs and the Defendant had a contract with one another, for good and valuable consideration.

22. Defendants have breached that contract, and the Plaintiffs have suffered damage from that breach.

23. Defendants are liable to Plaintiffs for their covered losses under the Policy and all consequential damages flowing therefrom, including loss of use of their home, incidental expenses for replacement of items, rent paid for other living space, and such other costs as will be shown to the jury at trial in this cause.

## COUNT TWO – BAD FAITH FAILURE TO PAY INSURANCE CLAIM

24. All other statements set forth in this Complaint are incorporated as if fully set forth herein.

25. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon the Plaintiffs. Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to 25% of the liability for the loss, pursuant to Tennessee Code Annotated § 56-7-105.

## COUNT THREE – *QUANTUM MERUIT*

26. All other statements set forth in this Complaint are incorporated as if fully set forth herein.

27.  In the alternative, Plaintiffs have conferred a benefit upon the Defendant, to wit: premiums and the payments that Defendant should have made under the Policy, plus prejudgment interest thereon.

28.  The Defendant understood and appreciated said benefits, and it would be unjust for said Defendant to retain the benefits thereof without fairly compensating the Plaintiffs for said benefits.

29.  Plaintiffs are entitled to have judgment against the Defendant for the full amount of their losses, the premiums, prejudgment interest thereon, and all other benefits conferred directly or indirectly on the Defendant.

## COUNT FOUR – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

30.  All other statements set forth in this Complaint are incorporated as if fully set forth herein.

31.  The Defendant owed the Plaintiffs the duty of good faith and fair dealing in handling their claim.

32.  The Defendant breached that duty, thereby damaging Plaintiffs.

33.  The Plaintiffs are entitled to have and receive judgment against the Defendant for an amount equal to their claim under the Policy, the losses they suffered that would have been covered but for the Defendant's failure to honor its duty of good faith and fair dealing, consequential damages, and all other damages to which the Plaintiffs are entitled.

### PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiffs pray for the following relief from this honorable Court and jury:

A.  That process issue and the Defendant be required to answer within the time provided for by law;

B.  That Plaintiffs have and receive judgment against the Defendant for all amounts to which they are entitled, plus pre- and post-judgment interest thereon;

C.  That Defendant be ordered to pay Plaintiffs' attorneys' fees and costs of this suit, including but not limited to any and all discretionary costs that Plaintiffs may incur;

D.  That a Putnam County jury hear and decide all factual issues in this case; and

E.  That Plaintiffs receive such other and further relief as the Court may deem just.

This the 29th day of January, 2007.

Respectfully submitted,

_____
Henry D. Fincher (No. 16682)
305 East Spring Street
Cookeville TN 38501
(931) 528-4000

Attorney for the Plaintiffs

COST BOND

I am surety for costs in this cause not to exceed five hundred dollars ($500.00).

_____
Henry D. Fincher